IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>INTEGRATED HEALTH SERVICES, INC., et al.,<br><br>Debtors. | ) | Chapter 11<br><br>Case No. 00-389 (MFW) |
| ABE BRIARWOOD CORPORATION,<br><br>Appellant/Cross-Appellee<br><br>v.<br><br>IHS LIQUIDATING LLC,<br><br>Appellee/Cross-Appellant | ) | Civil Action No. 06-479 (GMS)<br><br>(Consolidated Lead Case) |

**IHS LIQUIDATING LLC'S REPLY BRIEF**
**IN FURTHER SUPPORT OF ITS CROSS-APPEAL**

KAYE SCHOLER LLP
Arthur Steinberg
Lester M. Kirshenbaum
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Robert S. Brady (Del. Bar No. 2847)
Edmond L. Morton (Del. Bar No. 3856)
Joseph M. Barry (Del. Bar No. 4221)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Dated: August 29, 2007

CO-COUNSEL FOR IHS LIQUIDATING LLC

## TABLE OF CONTENTS

Page No.

I. Briarwood's Citations to Cases Involving Federal Courts' Discretion to Tax Costs Are Inapposite ........ 1

II. The Outcome of the Third Party Reimbursement Counterclaim Does Not Justify Denial of the Attorneys' Fees Counterclaim ........ 3

III. The Attorney's Fees Counterclaim Is Not Barred By SPA § 2.2(a) ........ 4

CONCLUSION ........ 6

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Board of Managers of 55 Walker Street Condominium v. Walker Street LLC*, 6 A.D. 3d 279 (1st Dept. 2004) .......... 2

*City of Rome, Italy v. Glanton*, 184 F.R.D. 547 (E.D. Pa. 1999).......... 4

*Excelsior 57th Corp. v Winters*, 227 A.D. 2d 146 (1st Dept. 1996) .......... 2

*McGuire v. Miller*, 1 F.3d 1306 (2d Cir. 1993) .......... 2

*MTX Comm. Corp. v. LDDS/Worldcom, Inc.*, 2001 U.S. Dist. LEXIS 7912 (S.D.N.Y. 2001).......... 2

*Sykes v. RFD Third Ave. I Associates*, 39 A.D. 3d 279 (1st Dept. 2007) .......... 2

*Town House Stock LLC v. Coby Housing Corp.*, 2007 WL 2175623 (N.Y. Sup. July 20, 2007).......... 2

*VonSteen v. Musch*, 776 N.Y.S. 2d 170 (N.Y. App. Div. 2004) .......... 5

**Statutes**

28 U.S.C. §1920.......... 1

**Other Authorities**

Fed. R. Civ. P. 54(d) .......... 1, 4

Appellee/ Cross-Appellant IHS Liquidating LLC (the "LLC") submits this reply brief in further support of its Cross-Appeal[1] from the Bankruptcy Court Decision, and specifically to address arguments in Briarwood's reply brief ("Briarwood Reply" or "B. Rep."), filed July 30, 2007.[2]

**I. Briarwood's Citations to Cases Involving Federal Courts' Discretion to Tax Costs Are Inapposite**

The LLC's opening brief ("Opening Brief" or "LLC Br.") cited clear authority, directly on point, for awarding contractual attorneys' fees to a party deemed the "prevailing party" even when that party has not succeeded on all its claims. (*See* LLC Br. at 34). Briarwood responds that "[c]ourts have discretion to deny costs when neither side entirely prevails in a litigation." (*See* B. Rep. at 19). Briarwood's sole authority for that proposition is a string of cases addressing federal courts' discretion to tax a party with *costs* (not attorneys' fees). (*See* B. Rep. at 19). The broad discretion exercised by the courts in those cases is explicitly provided under Fed. R. Civ. P. 54(d)(1) and relates to costs taxable under 28 U.S.C. §1920.[3]

---

1 Capitalized terms used but not defined herein have the meanings ascribed to them in the Opening Brief.

2 The first half of the Briarwood Reply, which purports to address the LLC's response to Briarwood's opening brief, accuses the LLC of conceding numerous allegations and arguments that were rejected below. Needless to say, it would be impossible for the LLC to address every point in Briarwood's brief without substantially exceeding this Court's page limits. The LLC's decision not to burden the record with counterpoints already evident from the record below should not be construed as concessions on appeal.

3 Federal judges may tax certain court costs (as opposed to attorneys' fees and related expenses) enumerated in 28 U.S.C. §1920. Rule 54(d)(1) provides that "...costs *other than* attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs....*" Fed. R. Civ. P. 54(d)(1) (emphasis added).

Courts do not have such broad discretionary authority in the context of determining an attorneys' fee claim arising from a contractual fee-shifting provision. To the contrary, where the prevailing party is entitled to attorneys' fees under a contract, "such an award becomes the rule rather than the exception." *MTX Comm. Corp. v. LDDS/Worldcom, Inc.*, 2001 U.S. Dist. LEXIS 7912, at *2 (S.D.N.Y. 2001) (quoting *McGuire v. Miller*, 1 F.3d 1306, 1312-1313 (2d Cir. 1993)).

Section 11.11 of the SPA is governed by New York law, which requires courts to engage in a qualitative analysis to determine whether a party has "prevailed." As part of that analysis, the court must "consider the 'true scope' of the dispute litigated and what was achieved within that scope." *Sykes v. RFD Third Ave. I Associates,* 39 A.D. 3d 279 (1st Dept. 2007) (citing *Excelsior 57th Corp. v Winters*, 227 A.D. 2d 146 (1st Dept. 1996).

Under New York law, it is clear that "[t]he prevailing party need not succeed on every claim." *Town House Stock LLC v. Coby Housing Corp.*, 2007 WL 2175623 (N.Y. Sup. July 20, 2007); *see also Board of Managers of 55 Walker Street Condominium v. Walker Street LLC*, 6 A.D. 3d 279, 280 (1st Dept. 2004) ("In order to justify an award of contractual attorneys' fees, the court need not adopt each claim raised in a lawsuit."). Rather, "[t]he prevailing party must prevail on the central claim advanced and receive substantial relief for that claim." *Town House*, 2007 WL 2175623 at *5 (citing *Sykes,* 39 A.D. 2d at 279); *see also Board of Managers,* 6 A.D. 3d at 279 ("[T]he claimant must simply be the prevailing party on the central claims advanced, and receive substantial relief in consequence thereof.").

Even though the LLC prevailed on all of Briarwood's claims — which were clearly the central claims in the litigation — the Bankruptcy Court found there was no prevailing party solely because the LLC "has not prevailed on all its counterclaims." (Bankruptcy Court Decision at 41). The Bankruptcy Court Decision shows no evidence of any qualitative analysis of the outcome of the case in reaching that mistaken conclusion. That omission constitutes reversible error.

## II. The Outcome of the Third Party Reimbursement Counterclaim Does Not Justify Denial of the Attorneys' Fees Counterclaim.

The Bankruptcy Court only addressed one counterclaim (the Third Party Reimbursement Counterclaim) substantively.[4] As explained below, it was erroneous for the Bankruptcy Court deny the Attorneys' Fees Counterclaim based on, at most, a marginally significant ruling on the Third Party Reimbursement Counterclaim.

As explained in the Opening Brief, the LLC prevailed on the Third Party Reimbursement Counterclaim to the extent it impacted the LLC's interests. (LLC Br. at 33). Specifically, the Bankruptcy Court's conclusion that the underlying professional fee claim was not an Excluded Liability absolved the LLC from liability, which was the LLC's primary goal.

---

4 Briarwood attempts to bolster the Bankruptcy Court's conclusion by pointing out that "the LLC asserted five separate counterclaims and failed to recover on any of them." (B. Rep. at 16). One of those counterclaims is the Attorneys' Fees Counterclaim itself; one counterclaim (the LC Counterclaim) was severed from this litigation and is therefore irrelevant here. The two counterclaims that were rendered moot (the Rescission Counterclaim and the Reimbursement Counterclaim) were contingent upon Briarwood's claims and were based on the same body of evidence used to try Briarwood's claims. Contrary to Briarwood's assertion, they were not "legally weighty and complex" and did not add any time and effort to the litigation other than a few pages of briefing by each party.

In its Reply, Briarwood insists that the Bankruptcy Court's disposition of the Third Party Reimbursement Counterclaim "was not a victory for the LLC" and is alone sufficient to support the Bankruptcy Court's decision to deny the Attorneys' Fees Counterclaim. (B. Rep. at 18, 20). However, even assuming *arguendo* that the LLC "failed to prevail" on the Third Party Reimbursement Counterclaim, that outcome (at most, a $25,000 issue) was dwarfed by the successful result the LLC achieved in defeating all of Briarwood's claims (aggregating nearly $40 million). Based on the authority discussed above and in the Opening Brief, it was erroneous for the Bankruptcy Court to decide that a fee award was not "warranted."[5]

## III. <u>The Attorneys' Fees Counterclaim Is Not Barred By SPA § 2.2(a)</u>

Briarwood's Reply mischaracterizes the Attorneys' Fees Counterclaim by arguing that it "essentially seeks damages for breach of SPA §11.11." (B. Rep. at 16.) Building on that false premise, Briarwood argues that the LLC cannot recover its attorneys' fees because the LLC's sole and exclusive remedy for Briarwood's breach of the SPA is to keep Briarwood's pre-closing deposit toward the Purchase Price as liquidated damages. (B. Rep. at 17.)

---

5 Briarwood cites to *City of Rome, Italy v. Glanton* for the proposition that a defendant cannot be the prevailing party because the counterclaims were unrelated to the plaintiffs' claims. 184 F.R.D. 547 (E.D. Pa. 1999). That decision addressed the court's discretionary authority to tax costs under Fed. R. Civ. P. 54(d) and is thus inapposite for the reasons discussed in Part I of this brief. In any event, that case merely held that "in a case in which a defendant has advanced unrelated counterclaims that are financially and or legally weighty, the counterclaims *may* be an important part of determining which party, if any, has truly prevailed." *Id.* at 550 (emphasis added). In deciding that there was no prevailing party, the court relied on the fact that a large amount of discovery and litigation was devoted to the unrelated counterclaims and that "this was not a situation where the complaint dwarfed the significance of a small counterclaim." *Id.* Clearly, that case does not support the Bankruptcy Court's decision to deny the LLC its prevailing party status.

Obviously, section 2.2(a) is inapposite because the Attorneys' Fees Counterclaim does not seek damages for a breach of the SPA. It is a contingent claim created by section 11.11 of the SPA, arising out of Briarwood's post-closing commencement of this litigation.

Briarwood's reading of section 2.2(a) as a bar to recovery of attorneys' fees incurred in connection with a post-closing lawsuit would eviscerate section 11.11.[6] New York law requires the court to endeavor to construe all SPA terms so as not to render other terms meaningless. *VonSteen v. Musch*, 776 N.Y.S. 2d 170, 175 (N.Y. App. Div. 2004). Accordingly, the Court should reject Briarwood's distortion of section 2.2(a) and enforce section 11.11 based on its plain meaning.

---

6 At closing, Briarwood applied its deposit toward its obligation to fund the purchase price. Thus, since the deposit no longer exists, it cannot be used as a source for liquidated damages.

## CONCLUSION

For all of the reasons set forth herein and in the LLC's Opening Brief, the LLC respectfully submits that the Court should reverse the Bankruptcy Court's denial of the Attorneys' Fees Counterclaim, and remand this matter to the Bankruptcy Court for determination of the proper award of attorney's fees and costs to the LLC.

Dated: Wilmington, Delaware
August 24, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Edmond L. Morton (No. 3856)
Joseph M. Barry (No. 4221)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

- and -

KAYE SCHOLER LLP
Arthur Steinberg
Lester M. Kirshenbaum
Ana M. Alfonso
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

*Co-counsel for IHS Liquidating LLC*